Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | Susan E. Cox |
|---|---|---|---|
| **CASE NUMBER** | 09 C 956 | **DATE** | 6/14/2011 |
| **CASE TITLE** | Willie Earl Carter vs. Thomas Dart, et al | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to take more than ten depositions [dkt. 62] is granted in part and denied in part. Plaintiff is given leave to depose the officer, or officers, that escorted plaintiff while at Stroger Hospital, but plaintiff is not given leave to depose all eight officers without further order of the Court. Plaintiff is given leave to depose either Mr. Gaspar or Ms. Wroble. Plaintiff is also given leave to depose the grievance officials, but plaintiff's request to depose Linda Kampe, an official at Cermak Health Services, is denied.

■[ For further details see text below.]

Docketing to mail notices.
*Copy to judge/magistrate judge.

# STATEMENT

Plaintiff brought this lawsuit claiming that he was denied adequate medical treatment while he was incarcerated at the Cook County Jail. According to plaintiff, this denial deprived him of his rights provided under the Due Process Clause of the Fourteenth Amendment. Plaintiff alleges that the individual defendants are liable for depriving him of his Constitutional rights pursuant to 42 U.S.C. § 1983 because they acted under the color of state law. Additionally, plaintiff claims that Cook County is liable under 42 U.S.C. § 1983 because his Constitutional rights were violated as a result of official Cook County policies and procedures (hereinafter, "*Monell* claim").[1] Plaintiff's motion to take more than ten depositions, now before the Court, is granted in part and denied in part [dkt. 62].

**I. Background**

According to the allegations in plaintiff's amended complaint,[2] on January 2, 2007, plaintiff was incarcerated at the Cook County Jail. Plaintiff alleges that during his incarceration, he told Cook County Jail personnel that he needed to take daily anti-rejection medication for a kidney transplant he received in 1997. However, plaintiff claims that the jail personnel failed to provide him with his anti-rejection medication for several days. According to plaintiff, he was told that the anti-rejection medication was not in the jail's pharmacy. Further, according to the jail's policies, he could not use the medication that he had with him at the time of his arrest. As a result of not getting his medication, plaintiff alleges that he suffered pain and mental anguish.

Additionally, plaintiff alleges that he requires a visit with a kidney specialist every two months, and that the defendants denied him access to a kidney specialist for several months. Plaintiff claims that he filed numerous written grievances regarding the kidney specialist, but they were ignored. Plaintiff further alleges that defendants finally took him to Stroger Hospital, but defendants' conduct prevented him from receiving treatment. Ultimately, plaintiff was hospitalized in November 2007 due to kidney complications.

| **STATEMENT** |
|---|

On January 4, 2011, defendants moved the District Court to bifurcate and stay discovery of the *Monell* claim.[3] On April 18, 2011, Judge Dow denied that motion.[4] Judge Dow also referred all discovery issues, including the instant motion, to this Court.[5]

**II. Analysis**

Plaintiff has taken eleven depositions and now moves this Court for leave to take an additional sixteen depositions.[6] Defendants directly oppose seven of these proposed depositions.

**A. Eight Correctional Officers**

First, plaintiff would like to depose the officer or officers that escorted plaintiff while he was at Stroger Hospital on November 2, 2007. Defendants do not object to these depositions. However, plaintiff states that he must depose eight correctional officers because he is unsure which one or two of these officers actually escorted him that day. To resolve this, defendants have produced photographs of the eight officers. Plaintiff states that he may be able to determine which officers escorted him based on these photographs, but if not, he would like to depose all eight officers.

If plaintiff cannot determine the appropriate officers from the photographs, plaintiff should find a less intrusive way to discover the identity of these officers other than deposing eight correctional officers.[7] Therefore, plaintiff is given leave to depose the officer or officers that escorted plaintiff while at Stroger Hospital, but plaintiff is not given leave to depose all eight officers without further order of the Court.

**B. Pharmacy Personnel**

Second, plaintiff wishes to depose Charles Gaspar, the Director of the Cook County Jail Pharmacy, and Mary Ann Wroble, the Assistant Director of the Cook County Jail Pharmacy. Plaintiff argues that these depositions are necessary because the pharmacy inventory policies and procedures, "likely played a key role in the denial of Mr. Carter's critical anti-rejection medications. . . ."[8] Defendants object to these depositions, arguing, essentially, that the policies of the pharmacy did not lead to any injury to the plaintiff. However, it would be premature for this Court to conclude that the policies of the pharmacy did not harm the plaintiff. We note that the Federal Rules of Civil Procedure favor broad discovery.[9] The plaintiff has alleged that defendants denied him medication because the medication was not in the pharmacy's inventory.[10] Depositions to discover the pharmacy inventory policies are certainly relevant to this claim.

However, plaintiff does not explain why he must depose both the director and the assistant director of the pharmacy. Deposing one of these officials should be sufficient to discover the pharmacy policies and procedures. Therefore, plaintiff is given leave to depose either Mr. Gaspar or Ms. Wroble.

**C. Grievance Officials**

Third, plaintiff seeks to depose Salvador Godinez, Executive Director of Cook County Jail during the relevant period, Jean Kirizezes, Director of Continuous Quality Improvement at Cermak Health Services, M.J. Salazar, Superintendant of plaintiff's housing unit, and Tiara Thomas, Administrator of Program services. All of these individuals are involved in the grievance process at either Cook County Jail or Cermak Health Services. Defendants argue that these depositions are unnecessary because grievance policies and procedures did not cause plaintiff any injury. Further, defendants maintain that all of plaintiff's grievances were immediately addressed.

| STATEMENT |
|---|

As with the pharmacy officials, plaintiff has alleged that the grievance policies and procedures caused him injury.[11] Alternatively, if the individual defendants ignored policies and procedures, this would be relevant to the claims brought against the individual defendants. Therefore, plaintiff is given leave to depose these grievance officials.

**D. Medical Personnel**

Finally, plaintiff seeks to depose Harriet Barney-Johnson and Linda Kampe, officials at Cermak Health Services. Defendants agreed to the deposition of Harriet Barney-Johnson, but continue to oppose the deposition of Linda Kampe. Plaintiff argues that the deposition of Ms. Kampe is necessary because Ms. Kampe can explain the medical record keeping system. Plaintiff alleges this is necessary because production of medical records has been "un-systematic," and plaintiff fears that some medical documents have not been produced. To support this fear, plaintiff states that one year after the initial production of medical records, defendants produced new, and previously unseen medical records. Plaintiff hopes to depose Ms. Kampe about the records management policy to insure all documents have been produced.

But the scope of discovery is not unlimited. Instead, the information sought must be "relevant to any party's claim or defense."[12] Here, plaintiff is seeking information so that plaintiff can determine whether defendants have disclosed all documents. This is not relevant to any of the plaintiff's claims; none of plaintiff's claims relate to the policies of how the medical records are organized. Furthermore, plaintiff's suspicion that defendants may not have disclosed all medical documents is not a sufficient reason to overcome the burden of taking a twenty-sixth deposition. As we previously noted in our May 10, 2011 minute order, plaintiff was given leave to depose Ms. Barney-Johnson. But due to the reasons discussed here, the motion is denied as to Ms. Kampe.

**III. Conclusion**

As stated above, plaintiff's motion is granted in part and denied in part [dkt. 62].

1. *See Monell v. Department of Social Services,* 436 U.S. 658 (1976).

2. Dkt. 24.

3. Dkt. 54.

4. Dkt. 64.

5. *Id.*

6. *See* Fed. R. Civ. P. 30(a)(2)(A)(I)(requiring a party to seek leave of court prior to taking more than ten depositions).

7. *E.g.*, plaintiff could send requests to admit to the eight officers.

8. Plf's Mtn at 6.

9. Fed. R. Civ P. 26(b)(1).

10. *See* dkt. 24.

11. *Id.*

12. Fed. R. Civ. P. 26(b)(1).